UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Rhonda Aho and Chad Cane, | Civ. No. 24-153 (JWB/LIB) |
| Plaintiffs, | |
| v. | |
| Cass County, *a political subdivision of the State of Minnesota*; Sandy Bennett, Jerri Huston, Mark Peterson, Ben Lindstrom, Troy Nelson, Bob Kangas, Scott Wold, Jeff Woodford, Nicole Cayko, and Josh Stevenson, *in their individual and official capacity*; and Jason Kuboushek, Sheldon Monson, Christopher Nguyen, and Anthony Thompson, *in their individual capacity*, | ORDER ON MOTION TO DISMISS AND MOTIONS FOR JUDGMENT ON THE PLEADINGS |
| Defendants. | |

---

Rhonda Aho and Chad Cane, pro se Plaintiffs.

Abigail Rose Kelzer, Esq., and Kristin C. Nierengarten, Esq., Rupp, Anderson, Squires & Waldspurger, P.A., counsel for Defendants Cass County, Sandy Bennett, Jerri Huston, Mark Peterson, Ben Lindstrom, Troy Nelson, Bob Kangas, Scott Wold, Jeff Woodford, Nicole Cayko, and Josh Stevenson.

Dyan J. Ebert, Esq., and Elle M. Lannon, Esq., Quinlivan & Hughes, PA, counsel for Defendant Jason Kuboushek.

Christopher M. Kaisershot, Esq., Minnesota Attorney General's Office, counsel for Defendants Sheldon Monson, Christopher Nguyen, and Anthony Thompson.

---

This lawsuit arises from regulatory enforcement activities on the rural acreage where Plaintiffs Rhonda Aho and Chad Cane reside in north-central Minnesota. Plaintiffs built a dwelling out of shipping containers and installed a solar array for electricity

without permits from Cass County or an electrical inspection from the state. After the regulators learned about the structures and contacted Plaintiffs to obtain after-the-fact compliance, Plaintiffs responded with a flurry of objections, demands for explanations, government data practices requests, formal complaints, and ultimately this lawsuit. The couple believes their constitutional rights were infringed by the county and state workers who accessed, photographed, requested information, or otherwise communicated with them about their lack of regulatory compliance.

Defendants Sandy Bennett, Jerri Huston, Mark Peterson, Ben Lindstrom, Troy Nelson, Bob Kangas, Scott Wold, Jeff Woodford, Nicole Cayko, and Josh Stevenson are employees of various Cass County departments. Plaintiffs allege that the County and these workers engaged in an illegal "permitting scheme" designed to manufacture obligations and extort money under the guise of enforcing county ordinances.

Defendant Jason Kuboushek is the private attorney Cass County retained to bring an enforcement action against Plaintiffs for their land use violations. Plaintiffs allege that Kuboushek infringed their rights by sending them a letter notifying them of their violations and threatening legal action if they remained out of compliance.

Defendants Sheldon Monson, Christopher Nguyen, and Anthony Thompson work for the Minnesota Department of Labor and Industry ("DLI"). Plaintiffs allege that Monson and Nguyen violated their rights by sending information requests relating to their failure to obtain an electrical inspection. They allege that Thompson violated their rights by declining Aho's data practices request.

Plaintiffs assert five claims. They claim that Defendants Bennett, Huston, and

Nelson violated the Fourth Amendment by entering and inspecting Plaintiffs' property (Count One). They claim all Defendants violated the Fourth, Fifth, and Fourteenth Amendments by participating in a county-wide scheme that misclassified Plaintiffs' non-commercial property to wrongfully subject them to regulatory fees, inspections, and enforcement (Count Two). They allege a civil rights conspiracy claim for the same scheme (Count Three), and a claim against Defendants Huston, Peterson, Lindstrom, Kangas, Woodford, Wold, Cayko, Stevenson, and Thompson for neglecting to prevent the conspiracy (Count Four). Plaintiffs lastly claim all Defendants violated 42 U.S.C. § 1982 (Count Five). For relief, Plaintiffs seek $255,000,000 in damages. Plaintiffs also request that the Court empanel a grand jury to criminally investigate the matter.

Defendant Kuboushek now moves to dismiss the claims against him, and the Cass County and DLI Defendants move for judgment on the pleadings. Because Plaintiffs' grievances all stem from a fundamental misunderstanding—that county ordinances and Minnesota law do not apply to their non-commercial property—their claims have no legal validity. Accordingly, Defendants' motions are granted, and the Complaint is dismissed.

## DISCUSSION

**I.    Legal Standard**

To survive a motion to dismiss, a plaintiff must provide sufficient factual matter to state a plausible claim to relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires factual allegations that raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is not enough to merely recite the elements of a claim with conclusory allegations that lack factual support. *Iqbal*, 556

U.S. at 678. In considering a motion to dismiss, courts accept well-pled allegations as true and draw all reasonable inferences in the plaintiff's favor. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). However, legal conclusions, unsupported conclusions, unwarranted inferences, and legal conclusions couched as factual allegations may be ignored. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Judgment on the pleadings is appropriate if there are no material fact issues to resolve and the moving party is entitled to judgment as a matter of law. *Folger v. City of Minneapolis*, 43 F. Supp. 3d 922, 929 (D. Minn. 2014) (citing *Buddy Bean Lumber Co. v. Axis Surplus Ins.*, 715 F.3d 695, 697 (8th Cir. 2013)). It is a strict standard, governed by the same rules that apply when considering a motion to dismiss. *Id.* at 930.

**II.     Analysis**

    **A.     Standing**

Before addressing the merits of any lawsuit, a federal court must be satisfied that it has jurisdiction over the case. Federal courts only have jurisdiction to resolve actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. As the party invoking federal jurisdiction, Plaintiffs must show they have standing to assert claims in federal court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

To demonstrate standing at the motion to dismiss stage, a party must allege an injury in fact, causation, and redressability. *Mo. Roundtable for Life v. Carnahan*, 676 F.3d 665, 672 (8th Cir. 2012). An injury in fact is an actual or imminent, concrete and particularized invasion of a legally protected interest. *Id.* To be concrete, the injury must actually exist. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). To be particularized, it

must affect the plaintiff in a personal and individual way. *Id.* at 339. It must be more than a generalized grievance. *See United States v. Hays*, 515 U.S. 737, 743 (1995).

Plaintiffs have not plausibly alleged any actual and concrete injury. Their claims all stem from their belief that their residential property is not subject to the local and state regulations that Defendants sought to enforce. But Plaintiffs are incorrect. Residential and commercial properties are both properly subject to regulation by county and state authorities. Because Plaintiffs' claims all rest on this fundamental flaw, their mistaken beliefs that they have been aggrieved through wrongful application of state and local regulations are not actual injuries sufficient to confer standing in federal court. For that reason, Plaintiffs' claims must be dismissed.

### B. Defendants' Motions

Defendants' dismissal motions are evaluated based on the contents of Plaintiff's Complaint, documents embraced by the allegations, and public records—not on any new information provided for the first time in the motion papers. *See Meranelli v. Minn. Dep't of Hum. Servs.*, Civ. No. 23-848 (JWB/TNL), 2024 WL 992623, at *4 (D. Minn. Jan. 11, 2024), *R&R adopted*, 2024 WL 639476 (D. Minn. Feb. 15, 2024). Separate from the standing deficiency, Plaintiffs' claims must be dismissed because they lack merit.

#### 1. Counts 1–2: 4th, 5th, 14th Amendment violations

Plaintiffs' first two counts are claims under 42 U.S.C. § 1983 based on violations of their constitutional rights. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges,

5

> or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

Because § 1983 is "not itself a source of substantive rights," a court addressing a § 1983 claim must "identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiffs claim in Count One that Defendants Bennett, Huston, and Nelson violated the Fourth Amendment by illegally entering and inspecting Plaintiffs' property. Count Two claims that each named Defendant violated the Fourth, Fifth, and Fourteenth Amendments for their role in the alleged "permitting scheme" that misclassified Plaintiffs' property to subject them to "coercive" and "fraudulent" fees, inspections, and ordinance enforcement actions.

Plaintiffs' § 1983 claims fail as a matter of law because their non-commercial properties are validly subject to county ordinances and state laws. Plaintiffs provide no authority or argument for why they should be exempt from regulation other than sovereign citizen-like theories, which have been routinely and soundly rejected by federal courts. *See Minnesota v. Barry*, Civ. No. 18-505 (DWF/SER), 2018 WL 2995792, at *1 (D. Minn. May 25, 2018) (noting that sovereign citizen arguments have been "consistently rejected in this District and elsewhere"), *R&R adopted*, 2018 WL 3075983 (D. Minn. June 21, 2018).

Minnesota law authorizes counties to enact land use and zoning ordinances to promote the health, safety, and general welfare of the community. Minn. Stat. §§ 394.21, subd. 1; 394.22; 394.24–.25. Consistent with that authority, Cass County enacted its land use ordinances, including those that apply to residential properties like Plaintiffs'. (*See*

6

Doc. No. 39-1 at 10–15.) The ordinances require permits to be obtained prior to constructing residential or accessory structures, and after-the-fact permits are more costly. (*Id.* at 10, 15.) As alleged, the Cass County Defendants acted within the scope of their authority to inspect, assess, and enforce the county's land use and permitting requirements against Plaintiffs. Plaintiffs have alleged no facts showing that the workers intentionally misclassified Plaintiffs' property as part of an illegitimate scheme to extract invalid or excessive permit fees.

Minnesota law also requires inspections for any new electrical installation, including those performed by a property owner. *See* Minn. Stat. § 326B.36. Although the law allows property owners to perform electrical work without a license, their work must still be inspected to ensure it meets accepted safety standards. The DLI Defendants who contacted Plaintiffs to facilitate the electrical inspection required by statute were acting within their legal authority. They were not committing mail fraud or attempting to manufacture an otherwise non-existent inspection requirement as Plaintiffs allege.

As for Plaintiffs' claims that Bennett, Huston, and Nelson violated the Fourth Amendment by visiting their property and taking pictures, the claim fails because the county workers could see the property in plain view and were conducting administrative inspections, which are less intrusive than a criminal search. *See Widgren v. Maple Grove Twp.*, 429 F.3d 575, 583–584 (6th Cir. 2005) ("A criminal investigation is generally more intrusive than an administrative or regulatory investigation. . . ."); *see also Nikolas v. City of Omaha*, 605 F.3d 539, 546 (8th Cir. 2010) (finding city code inspector's exterior search and look through garage windows was "minimally intrusive" and constitutionally

reasonable). Visible observation is not a "search" for Fourth Amendment purposes, and no warrant is required to enter and search portions of a property that are "open fields" and outside the area immediately surrounding the home. *See Nikolas*, 605 F.3d at 546 (8th Cir. 2010); *see also Oliver v. United States*, 466 U.S. 170, 178 (1984). Because Plaintiffs have not alleged that the county workers entered their dwelling or saw anything that was not visible to the naked eye, they have not alleged any wrongful search or seizure. In addition, Bennett and Huston were inspecting the property for its mandatory five-year taxation assessment, and state law authorizes tax assessors to enter property and structures to perform their duties. *See* Minn. Stat. §§ 273.01, 273.20. Nelson visited the property to investigate compliance with the county's land use ordinances, which apply to Plaintiffs' residential property as described above. Plaintiffs may dislike those policies, but their dispute is with the policymakers, not with the county workers acting within their authority under those policies.

What Plaintiffs see as illegitimate infringement of constitutional protections are in fact routine inspection and regulation activities by state and local actors carrying out their duties under local ordinances and state law. Plaintiffs have not alleged any state action that plausibly rises to the level of an unreasonable search or seizure, a taking of their property, or a denial of due process. Therefore, Plaintiffs have not plausibly stated their § 1983 claims, and Counts One and Two must be dismissed.

    **2.**    **Counts 3–5: civil rights conspiracy under 42 U.S.C. § 1985, neglect to prevent conspiracy under 42 U.S.C. § 1986, and violation of 42 U.S.C. § 1982**

Plaintiffs' § 1982 claim fails. 42 U.S.C. § 1982 was specifically designed to

protect against racial discrimination. *See Luther v. Am. Nat. Bank of Minn.*, Civ. No. 12-1085 (MJD/LIB), 2012 WL 5471123, at *5 (D. Minn. Oct. 11, 2012), *R&R adopted*, 2012 WL 5465888 (D. Minn. Nov. 9, 2012). However, Plaintiffs do not allege that they were discriminated against based on their race in any way. Accordingly, they have not plausibly stated a § 1982 claim, and Count Five must be dismissed.

Plaintiffs' § 1985 claim similarly fails. In relevant part, 42 U.S.C. § 1985 prohibits individuals from conspiring for the purpose of depriving "equal protection of the laws, or equal privileges and immunities under the laws." The Complaint contains no allegations of race- or class-based discriminatory animus, which is required to establish the conspiracy's wrongful purpose. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *City of Omaha Emps. Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989). Plaintiffs' § 1985 claim therefore fails. And because Plaintiffs have not stated a valid § 1985 conspiracy claim, they cannot state a claim under 42 U.S.C. § 1986 based on the alleged failure to prevent the conspiracy. *See Coleman v. Garber*, 800 F.2d 188, 191 (8th Cir. 1986) (stating that a § 1986 claim hinges on establishing a § 1985 claim). Therefore, Plaintiffs' conspiracy claims (Counts Three and Four) are dismissed.

## CONCLUSION

Plaintiffs' entire case rests on a fiction. Their residential property is not exempt from regulation by Cass County and the State of Minnesota. Defendants' alleged actions fall within their legal authority, and Plaintiffs have not otherwise identified any misconduct that amounts to a constitutional infringement. Accordingly, Plaintiffs' core allegation that Defendants misclassified their property as part of an illegal scheme to

extort invalid fees and impose baseless obligations is entirely unfounded. Therefore, Plaintiffs have not stated any claim that Defendants violated their constitutional rights or conspired as a group to do so, and the Complaint is dismissed.

## ORDER

Based on all the files, records, and proceedings in this case, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Defendant Jason Kuboushek's Motion to Dismiss (Doc. No. 17) is **GRANTED**;

2. Defendants Sheldon Monson, Christopher Nguyen, and Anthony Thompson's Motion for Judgment on the Pleadings (Doc. No. 30) is **GRANTED**;

3. Defendants Cass County, Sandy Bennett, Jerri Huston, Mark Peterson, Ben Lindstrom, Troy Nelson, Bob Kangas, Scott Wold, Jeff Woodford, Nicole Cayko, and Josh Stevenson's Motion for Judgment on the Pleadings (Doc. No. 37) is **GRANTED**; and

4. Plaintiffs' Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: June 12, 2024                     *s/ Jerry W. Blackwell*
                                        JERRY W. BLACKWELL
                                        United States District Judge